IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BILLY TYLER,** | ) | **CASE NO. 8:13CV13** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JOHN FRIEND, Clerk District Court Nebraska,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff filed his Complaint in this matter on January 9, 2013. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.      SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on January 9, 2013, against Nebraska District Court Clerk John Friend. (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff sues Friend "personally and professionally." (Id.) Plaintiff is a nonprisoner currently residing in Omaha, Nebraska. (Id.; see Docket Sheet.)

Liberally construed, Plaintiff alleges Friend informed him that he would "send a copy of everything" Plaintiff filed with the District Court to Nebraska Commission on Unauthorized Practice of Law because Plaintiff has been enjoined from the "illegal practice of law." (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff alleges Friend thinks he can "talk to [Plaintiff] crazy" because he is the clerk of the court. (Id.) Plaintiff seeks an injunction against "further violations" of his First and Fourteenth Amendment rights and $10,000,000.00 in monetary damages. (Id.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

## III.    DISCUSSION OF CLAIMS

To promote comity between state and federal judicial bodies, federal courts have developed a strong policy against exercising jurisdiction over constitutional claims for injunctive and declaratory relief when a state proceeding has already been commenced.

2

*See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005), (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)). *Younger* applies "to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). In *Middlesex*, a lawyer filed suit in federal court alleging that a New Jersey Bar Association proceeding violated his First Amendment rights. *Id.* at 427-29. The Court held that the federal district court correctly dismissed the case based on *Younger*. *Id*. at 432. As part of its analysis, the Court enunciated a three-part inquiry for the application of *Younger* abstention to state bar proceedings:

> [F]irst, do state bar disciplinary hearings within the constitutionally prescribed jurisdiction of the State Supreme Court constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.

*Id*. (emphasis omitted). The court will explore each of these elements as they apply to Plaintiff's claim that Friend is violating his First and Fourteenth amendment rights by sending a copy of documents Plaintiff files in the Nebraska District Court to the Nebraska Commission on Unauthorized Practice of Law.

First, Plaintiff's Complaint clearly indicates that a state civil injunction has been entered against him that prevents Plaintiff from engaging in the unauthorized practice of law. (Filing No. 1 at CM/ECF p. 2.) The Nebraska Commission on Unauthorized Practice

3

of Law has the authority to commence civil injunction proceedings for the unauthorized practice of law by filing a petition in the Nebraska Supreme Court. See Neb. Ct. R. § 3-1015. In such a proceeding, a respondent has the opportunity to serve a written answer, and thereafter, the matter proceeds as provided in the Nebraska Court Rules of Pleading in Civil Cases. *Id*. Thus, it is clear that the Nebraska Supreme Court treats unauthorized practice of law proceedings as judicial in nature. See, e.g., Middlesex, 457 U.S. at 432 (noting the New Jersey State Constitution vested the power to govern and discipline the bar in the New Jersey Supreme Court and that the New Jersey bar disciplinary proceedings were judicial in nature). As such, these proceedings warrant federal-court deference.

Second, the court finds that regulating the legal profession in Nebraska is an important state interest. See Middlesex, 457 U.S. at 432, (recognizing that states have an important obligation to regulate persons who are authorized to practice law); Bailey v. Moyer, No. 2:05CV556, 2005 WL 1490827, at *3 (S.D. Ohio June 23, 2005), ("Implicit in the regulation of the practice of law must be the regulation of those individuals who are not licensed to practice law but, nonetheless, endeavor to engage in the practice of law.").

Third, Plaintiff has the opportunity to raise his constitutional concerns in the state civil injunction proceeding in accordance with the Nebraska Court Rules of Pleading in Civil Cases. See Neb. Ct. R. § 3-1015(C); Neb. Ct. R. Pldg. § 6-1107(b). Plaintiff has not alleged nor demonstrated that he cannot assert his constitutional concerns in his state proceeding. In short, the holdings in *Younger* and *Middlesex* prohibit this court from exercising jurisdiction over Plaintiff's constitutional claims for injunctive relief.

Plaintiff's only remaining federal claims are his First and Fourteenth Amendment claims for monetary damages against Friend. However, Plaintiff has entirely failed to explain how Friend violated his First and Fourteenth Amendment rights by sending copies of documents publicly filed with the Nebraska District Court to the Nebraska Commission on Unauthorized Practice of Law. Plaintiff has been enjoined from engaging in the unauthorized practice of law in Nebraska and Nebraska has the authority to regulate his unauthorized filings. Thus, Plaintiff has failed to allege sufficient facts to state a First or Fourteenth Amendment claim against Friend upon which relief may be granted. *See Martin*, 780 F.2d at 1337, (stating that although a pro se complaint is to be liberally construed, it must contain specific facts supporting its conclusions); *see also Ashcroft*, 129 S. Ct. at 1950, ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") For the aforementioned reasons,

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice; and

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 13th day of March, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.